IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| KYJUAN DERRIER JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:23-CV-452-RAH-CSC |
| | ) | |
| SGT. ZACHARY BROCK, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.    Introduction

Plaintiff KyJuan Jackson, an inmate proceeding pro se and in forma pauperis, is confined at the Lee County Detention Center in Opelika, Alabama. Jackson filed this action on July 31, 2023, using this Court's standard form for complaints brought under 42 U.S.C. § 1983. Doc. 1. Sergeant Zachary Brock and Matthew Collins are the named defendants. *Id*. After review and consideration of Jackson's filing, the undersigned RECOMMENDS this case be DISMISSED for the reasons set forth below.

## II.    Standard of Review

Because Jackson was granted leave to proceed in forma pauperis (Doc. 3), his Complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B), which requires a court to dismiss the complaint or any portion of it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b). To state a claim upon which relief may be granted, "a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In applying § 1915, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). *See also* 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

III.    **Factual Background**

On April 21, 2023, Sgt. Brock arrested Jackson in Weakley County, Tennessee, after he saw a warrant for "KyJuan Kraun Jackson." Doc. 1 at 2–3. Jackson alleges he was arrested on a warrant issued for an individual whose name, social security number, birth date, and address are different from his. *Id.* at 3. Although arrested on April 21, 2023, Jackson complains he was held unlawfully for three days because Sgt. Brock did not receive the arrest warrant until April 24, 2023. *Id.* Finally, Jackson asserts the Auburn

police issued a warrant on May 6, 2023 for "KyJaun K'raun Jackson" who is from Kansas City, Missouri and born in August 2023 [sic] but are detaining him—KyJuan Derrier Jackson—born in December 2001 and from Sikeston, Missouri. *Id.* For relief, Jackson requests dismissal of the charges against him and his release. *Id.* at 4. Jackson's claims entitle him to no relief in this § 1983 action.

## IV.    Discussion

### A.    The Younger Abstention

Jackson does not identify the constitutional basis for his claims. However, given his allegations, Jackson's claims appear to implicate a violation of the Fourth Amendment based on an alleged unlawful arrest resulting in his detention at the Lee County Detention Center for which he seeks some form of injunctive or declaratory relief that prohibits his prosecution on a criminal charge pending against him.[1] Jackson's challenge to the fundamental legality of his detention on a pending criminal charge is due to be dismissed under the *Younger* abstention doctrine.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should refrain from entertaining civil actions by individuals seeking to enjoin or hinder a criminal prosecution against them in state court. *Id*. at 44–45; *Jackson v. Georgia*, 273 F. App'x 812 (11th Cir. 2008) (explaining that "[a]ttentive to the principles of equity, comity, and federalism, the Supreme Court has recognized that federal courts should abstain from

---

[1] If Jackson seeks to challenge matters which occurred in Tennessee, under 28 U.S.C. § 1391(b), the proper venue for that action would be a federal court in Tennessee with jurisdiction to hear those claims.

exercising jurisdiction in suits aimed at restraining pending state criminal prosecutions.")
(citing *Younger*, 401 U.S. at 37). The *Younger* abstention doctrine is based on the premise
that a pending state prosecution will provide the accused with a sufficient opportunity to
protect his federal constitutional rights. *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1263
n. 7 (11th Cir. 2004).

The *Younger* abstention applies when state judicial proceedings are pending, the
proceedings implicate important state interests, and the state proceedings provide an
adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v.
Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *Turner v. Broward Sheriff's Off.*, 542
F. App'x. 764, 766 (11th Cir. 2013); *31 Foster Child. v. Bush*, 329 F.3d 1255, 1274 (11th
Cir. 2003). Each of these elements is present here. Jackson faces criminal prosecution in
state court on a charge of first degree theft of property. *See*
http://www.leecountysheriff.org/inmateSearch.  His pending case implicates the important
state interest of law enforcement expressed through the state's criminal statutes. *Hale v.
Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) (recognizing that criminal proceedings,
which are necessary to vindicate important state policies, implicate a state's interest) (citing
*Middlesex County Ethics Committee*, 457 U.S. at 432). Finally, Jackson may litigate his
challenge to the state's alleged illegal detention in the pending state court proceedings and,
if unsuccessful, appeal to the appropriate state court.

While exceptions to *Younger* exist, there is no indication that an exception to
*Younger* is present in this case. *See Mitchum v. Foster*, 407 U.S. 225, 230 (1972) (citing
*Younger*) (explaining that exceptions to *Younger* apply when (1) prosecution will cause

"great and immediate" irreparable injury; (2) the state law at issue flagrantly and patently

violates the federal constitution; (3) there is a showing of bad faith or harassment; or (4)

other unusual circumstances exist that require equitable relief). Even if Jackson's

Complaint could be read to fairly allege that one or more of the exceptions is present, his

allegations  are insufficient to warrant relief. *See Younger*, 401 U.S. at 48. The mere fact

that Jackson must defend himself in state court proceedings does not demonstrate

irreparable harm. *Younger*, 401 U.S. at 46 (finding "[the cost, anxiety, and inconvenience

of having to defend against . . . criminal prosecution [is not] considered 'irreparable' in the

special legal sense of that term."). Additionally, Jackson has identified no state law that he

claims flagrantly and patently violates the constitution, he has not asserted bad faith or

harassment that would justify excluding evidence or dismissing his cases, and he alleges

no unusual circumstances warranting equitable relief. Therefore, no exceptions to the

*Younger* abstention apply here, and any claims seeking injunctive or declaratory relief with

respect to Jackson's ongoing state court proceedings are due to be dismissed without

prejudice under the *Younger* abstention doctrine.

### B.    Challenge to Detention

To the extent Jackson's claims may be considered a challenge to the very fact or

duration of his physical imprisonment, and the relief he seeks is a determination he is

entitled to immediate release or a speedier release from that imprisonment, his federal

remedy is by way of a writ of habeas corpus. *See Preiser v. Rodriquez*, 411 U.S. 475, 500

(1973) (habeas corpus is the exclusive remedy for prisoners attacking the validity or

duration of their conviction or confinement). "[H]abeas corpus law exists to provide a

prisoner an avenue to attack the fact or duration of physical imprisonment and to obtain immediate or speedier release." *McNabb v. Comm'r Ala. Dep't of Corr.*, 727 F.3d 1334, 1344 (11th Cir. 2013) (quotation marks and citation omitted). When the effect of granting equitable relief under the civil rights statute would be to substitute a § 1983 action for a federal writ of habeas corpus challenging the basis for ongoing detention, a prisoner fails to state a claim under § 1983. *Preiser*, 411 U.S. at 500. Finally, a § 1983 action is not an appropriate avenue to compel or appeal a particular course of action by a state court. *See Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (holding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment).

## V.    Conclusion

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that this 42 U.S.C. § 1983 Complaint be DISMISSED without prejudice prior to service under 28 U.S.C. § 1915(e)(2)(B)(ii).

Further, it is ORDERED that by **September 7, 2023**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. The Court will not consider frivolous, conclusive or general objections. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive

the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 24th day of August 2023.

/s/  Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE